**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SHAWN W.,[1] | : | Case No. 2:23-cv-4087 |
| | : | |
| Plaintiff, | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[2]**

Plaintiff Shawn W. brings this case challenging the Social Security Administration's denial of his application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #7), the Commissioner's Memorandum in Opposition (Doc. #8), Plaintiff's Reply (Doc. #9), and the administrative record. (Doc. #6).

**I.  Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

Plaintiff applied for benefits on February 23, 2022, alleging disability commencing September 14, 2021, due to several impairments, including migraines, lower extremity radiculopathy, lumbar strain, left shoulder impingement with bursitis, subacromial decompression, tinnitus, sleep apnea, bilateral hearing loss, and PTSD. (Doc. #6-6, *PageID* #249). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Jason P. Tepley on May 26, 2023. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1420. He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since September 14, 2021, the alleged onset date. |
| Step 2: | He has the following severe impairments: osteoarthritis right knee; cervical degenerative disc disease with headaches; lumbar degenerative disc disease; left carpal tunnel syndrome; obesity; and asthma/chronic obstructive pulmonary disease (COPD). |
| Step 3: | He does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | His residual functional capacity, or the most he can do, despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … except that [Plaintiff] can frequently push and/or pull with the left upper extremity and right lower extremity. He can frequently climb ramps and stairs and frequently stoop. He can occasionally kneel and occasionally crouch. He can never crawl and can never climb ladders, ropes, or scaffolds. He can only frequently handle and finger with the left upper extremity. He can tolerate no exposure to extreme heat, extreme cold, humidity, or dust, odors, fumes, or pulmonary irritants. He can only occasionally reach with the left upper extremity in front and laterally and can never reach overhead with left upper extremity. He can |

>
> tolerate occasional interaction with coworkers and supervisors but no interaction with the general public. He can understand, remember, carry out simple instructions and make simple work-related decisions. He can deal with occasional changes in a routine work setting explained in advance. He can perform no work that requires satisfaction production quotas or involves assembly line pace."
>
> He is unable to perform his past relevant work as an electrician supervisor, or a command and control specialist.

Step 5:   Considering his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

(Doc. #6-2, *PageID* #s 32-40). Based on these findings, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act since September 14, 2021. *Id.* at 41.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #6-2, *PageID* #s 30-41), Plaintiff's Statement of Errors (Doc. #7), the Commissioner's Memorandum in Opposition (Doc. #8), and Plaintiff's Reply (Doc. #9). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.     Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec*., 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.    Discussion**

In his sole assignment of error, Plaintiff asserts that the ALJ reversibly erred in evaluating his symptom severity. (Doc. #7, *PageID* #s 989-92). In response, the Commissioner maintains that the ALJ considered the evidence in the record—including the objective evidence, Plaintiff's activities of daily living, and Plaintiff's treatment history—and reasonably concluded that Plaintiff's allegations of disabling symptoms were not entirely reliable. (Doc. #8, *PageID* #s 996-1002).

When a plaintiff alleges symptoms of disabling severity, the ALJ must follow a two-step process for evaluating those symptoms. *See* 20 C.F.R. § 404.1529; Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, *2-3 (Oct. 25, 2017).[3] First, the ALJ must determine whether the individual has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity,

---

[3] SSR 16-3p, which "provides guidance about how [the Social Security Administration] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms," superseded SSR 96-7p and became applicable to decisions issued on or after March 28, 2016. *See* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017) (clarifying applicable date of SSR 16-3p).

4

persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *3-7; *see also* 20 C.F.R. § 404.1529(c)(3).

In performing this assessment, the ALJ is not required to analyze all seven factors but must still show that he considered the relevant evidence. *Roach v. Comm'r of Soc. Sec.*, No. 1:20-CV-01853-JDG, 2021 WL 4553128, at *10–11 (N.D. Ohio Oct. 5, 2021). Indeed, the ALJ's assessment of an individual's subjective complaints and limitations must be supported by substantial evidence and be based on a consideration of the entire record. *Rogers*, 486 F.3d at 247; *see also Millsap v. Comm'r of Soc. Sec.*, No. 3:19-cv-197, 2020 WL 6275948, at *3 (S.D. Ohio May 27, 2020) (Ovington, M.J.), *report and recommendation adopted*, No. 3:19-cv-197, 2020 WL 6273402 (S.D. Ohio Oct. 26, 2020) (Rice, D.J.). Nonetheless, it remains the province of the ALJ and not the reviewing court to assess the consistency of subjective complaints about the impact of a plaintiff's symptoms with the record as a whole. *Rogers*, 486 F.3d at 247 (internal quotation omitted). Therefore, "absent a compelling reason," an ALJ's credibility/consistency determination will not be disturbed. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

In this case, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms but found his statements concerning the

5

intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the objective medical evidence and other evidence in the record. (Doc. #6-2, *PageID* #s 36-39). The ALJ explained that the evidentiary record was limited, as there were several significant gaps in Plaintiff's treatment history. *Id*. at 37. However, the ALJ noted that "there [was] no evidence that Plaintiff's conditions were materially different or worsened during these periods." *Id*. The ALJ determined that "[w]hat is in the evidentiary record is sufficient upon which to issue a decision and accurately represents [Plaintiff]'s medical and psychological functioning." *Id.* The ALJ also noted that "the physical evidence show[ed] largely benign or mild findings." *Id*. For example, the ALJ found Plaintiff ha[d] mild findings on imaging of the right knee, cardiopulmonary work-up [was] routinely unremarkable, and [had] no focal deficits related to spinal conditions. *Id*. Furthermore, Plaintiff "did not exhibit or report frequent severe headaches." *Id*. The ALJ reasoned his treatment "had been routine and conservative in nature, generally inconsistent with disabling physical conditions." *Id.*

Plaintiff argues that the ALJ committed several errors in his analysis of his symptom severity. (Doc. #7, *PageID* #s 990-91). Specifically, Plaintiff contends that the ALJ failed to properly evaluate his symptom severity and pain complaints in relation to the evidence. *Id.* at 990. He argues that the ALJ did not consider his girlfriend's third-party functioning report in relation to his pain and symptom severity. *Id*. at 990. He also asserts that the ALJ improperly equated his daily activities to substantial gainful activity. (Doc. #9, *PageID* #1007). He contends that the ALJ did not mention that the Veterans' Administration considers him to be 100 percent totally and permanently disabled. (Doc. #7, *PageID* #s 990-91). Finally, Plaintiff further argues that the ALJ

6

did not discuss his strong work history. *Id*. at 991. For the following reasons, Plaintiff's arguments are not well taken.

Although Plaintiff asserts that "pain alone, if caused by a medical impairment, may be severe enough to constitute a disability," both statute and case law have clarified that a plaintiff's subjective statements about pain alone would not establish disability; objective medical evidence of an impairment and other evidence must support them. (Doc. #9, *PageID* #989) (citing *Dozier v. Astrue*, 2012 WL 2344163, *5 (N.D. Ohio, Nov. 19, 2012); *but see* 20 C.F.R. § 404.1529(a) ("[S]tatements about [a plaintiff's] pain or other symptoms will not alone establish that [a plaintiff] [is] disabled. There must be objective medical evidence from an acceptable medical source that shows [a plaintiff] [has] a medical impairment[s] which could be reasonably be expected to produce the pain … and that, when considered with all the evidence … would lead to a conclusion [a plaintiff] [is] disabled."); *Blacha v. Sec'y of Health & Hum. Servs.*, 927 F.2d 228, 230 (6th Cir. 1990). In this case, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not consistent with the medical evidence. (Doc. #6-2, *PageID* #36). Specifically, the ALJ explained that the objective medical evidence contained predominately normal exams, although he noted an EMG showing "moderate carpal tunnel syndrome in the left wrist." (Doc. #6-2, *PageID* #s 37-38) (citing Doc. #6-7, *PageID* #s 349, 499-500, 867). Further, while Plaintiff did report increased pain on a visit, he also indicated that he had been lifting and moving items prior to the increase in pain, which the ALJ noted. (Doc. #6-2, *PageID* #37) (citing Doc. #6-7, *PageID* #839). Plaintiff has not pointed to any evidence in the record that the ALJ failed to consider. Since the objective medical evidence does not support Plaintiff's subjective statements about his pain, the ALJ did not err in his non-disability finding.

Furthermore, Plaintiff's contention that his diagnoses of carpel tunnel syndrome, advanced degenerative disc disease of the lower spine, migraines, and asthma were not properly considered by the ALJ is unavailing. (Doc. #7, *PageID* #991). Mere diagnosis of medical impairments does not necessitate a disability finding; the severity of the impairments determines a disability finding. *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013); *Denham v. Comm'r of Soc. Sec.*, No. 1:14-CV-611, 2015 WL 5471435, at *11 (S.D. Ohio Sept. 18, 2015) (Litkovitz, M.J.), *report and recommendation adopted*, 2016 WL 1178008 (S.D. Ohio Mar. 28, 2016) (Barrett, D.J.). "Plaintiff's mere recitation of clinical findings and diagnoses is meaningless absent evidence showing that the findings and diagnoses impose any such [functional] limitations." *Denham*, 2015 WL 5471435 at *11. While Plaintiff cites to the records diagnosing him with medical impairments, he does not explain why or offer evidence that those impairments cause disabling functional limitations. (Doc. #7, *PageID* #991) (citing Doc. #6-7, *PageID* #s 349, 353, 628). Therefore, the ALJ did not err in his non-disability finding because Plaintiff was diagnosed with several medical impairments.

Additionally, Plaintiff contends that the ALJ's limitation of "frequently handling with the left upper extremity" is scarcely a limitation at all with Plaintiff's diagnosis of carpel tunnel syndrome in his left wrist, as "frequently" entails "up to two-thirds of the time." (Doc. #7, *PageID* #991). However, when an ALJ finds more restrictive limitations than any limitations proposed by the medical opinions in the record, if there is an error, "the error [is] surely harmless." *McQuillen v. Comm'r of Soc. Sec.*, No. 2:20-CV-6006, 2021 WL 6133277, at *7 (S.D. Ohio Dec. 29, 2021) (King, M.J.), *report and recommendation adopted*, No. 2:20-CV-6006, 2022 WL 867270 (S.D. Ohio Mar. 23, 2022) (Sargus, D.J.). The state agency record-reviewing physicians found Plaintiff

capable of medium work, while the ALJ found Plaintiff capable of the more restrictive level of light work. (Doc. #6-3, *PageID* #s 87, 96); Doc. #6-2, *PageID* #35).  Additionally, the initial state agency physician opined that Plaintiff did not have any manipulative limitations, and the state agency physician upon reconsideration opined that Plaintiff's ability to handle and finger was "limited," but did not clarify how limited.  (Doc. #6-7, *PageID* #s 86, 95).  Therefore, the ALJ's limitation of "frequently" was more narrow than the only medical opinions in the record, rendering any error, if any, harmless.

Although Plaintiff argues that the ALJ did not consider his girlfriend's third-party functioning report by "failing to properly evaluate the evidence in relation to [his] pain and symptom severity," the ALJ did consider her testimony.  (Doc. #7, *PageID* #990); (Doc. #6-2, *PageID* #39).  While an ALJ is not free to completely disregard the lay testimony of family or friends of a plaintiff in his analysis, this testimony still must be compared to the other evidence in the record for consistency.  *Durham v. Comm'r of Soc. Sec.*, No. 1:07CV450, 2008 WL 3843296, at *7 (S.D. Ohio July. 23, 2008) (Black, M.J.), *report and recommendation adopted*, 2008 WL 3843296 (S.D. Ohio Aug. 14, 2008) (Barrett, D.J.) (finding reversible error when the ALJ completely disregarded lay testimony supported by objective medical evidence).  Here, the ALJ did consider Plaintiff's girlfriend's report, but found it not supported or consistent with "objective and other evidence as discussed in this decision." (Doc. #6-2, *PageID* #39).  The ALJ discussed in his decision normal examinations, daily activities, and medical opinions that all conflicted with the alleged severity of Plaintiff's symptoms as alleged in his girlfriend's report. *Id*. at 34-39. Therefore, the ALJ did not err in his evaluation of Plaintiff's girlfriend's third-party functioning report in relation to his pain and symptom severity.

9

Plaintiff further argues that the ALJ improperly considered his daily activities of driving and household chores as equivalent to substantial gainful activity. (Doc. #9, *PageID* #1007). However, the ALJ properly considered Plaintiff's daily activities in his symptom severity analysis. While Plaintiff does drive and perform household chores, the ALJ noted that he also "helped on his dad's farm, went to the grocery store … and mows the grass." (Doc. #6-2, *PageID* #35); *see Smith v. Comm'r of Soc. Sec.*, No. 1:09-CV-526, 2010 WL 5464889, at *7 (S.D. Ohio Aug. 5, 2010) (Wehrman, M.J.) ("the ALJ also properly considered that [Plaintiff] engaged in a variety of daily activities, and it was appropriate for him to consider this factor in making his credibility finding."[4]). Contrary to Plaintiff's assertion, the ALJ did not find Plaintiff's daily activities as equivalent to substantial gainful activity, but rather considered them as one factor in his analysis of Plaintiff's alleged symptoms. 20 C.F.R. § 404.1529(c)(3)(i); *see also Julie W. v. Comm'r of Soc. Sec.,* No. 1:19-CV-573, 2022 WL 3334244, at *7 (S.D. Ohio Aug.12, 2022) (Litkovitz, M.J.) ("While plaintiff argues that the ALJ overstated plaintiff's activities of daily living, the ALJ properly considered this evidence as one factor in evaluating plaintiff's alleged symptom severity").

Contrary to Plaintiff's assertion that the ALJ's failure to consider the Veterans' Administration's disability determination is reversible error, the ALJ properly followed the Social Security Administration's regulations. (Doc. #7, *PageID* #s 990-91); *but see* 20 C.F.R. § 404.1504. In any claim filed on or after March 27, 2017, the ALJ "will not provide any analysis

---

[4] Like the displacement of SSR 96-7p by SSR 16-3p, while "credibility" is no longer permitted in a "consistency" analysis, the prior case law remains applicable. *See Prichard v. Comm'r of Soc. Sec.*, No. 1:19-CV-573, 2020 WL 5544412, at *6 (S.D. Ohio Sept. 16, 2020) (Bowman, M.J.).

in [his] determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [a plaintiff] [is] disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. Since Plaintiff filed his claim in February 2022, the ALJ was not permitted to provide any analysis about the Veterans' Administration's disability finding, as it was not "binding on [the Social Security Administration]." *Id*. Therefore, the ALJ did not err in refraining from any mention or analysis of the Veterans' Administration's disability determination in his decision.

Finally, Plaintiff argues that "[he] had strong earnings in every year dating back to at least 2007" and that this strong work history "should weigh in favor of giving weight to his symptom allegations." (Doc. #7, *PageID* #991). The Commissioner asserts that the ALJ is not required to "consider a [plaintiff's] work history when assessing the reliability of his subjective statements." (Doc. #8, *PageID* #1002) (citing *Dutkiewicz v. Comm'r Soc. Sec.*, 663 F. App'x 430, 433 (6th Cir. 2016)). While work history is a factor in the symptom-severity analysis, it is only one factor in the ALJ's multi-factor analysis. *See* 20 C.F.R. § 404.1529(c)(3); *Tina M. S. v. Comm'r of Soc. Sec.*, No. 1:22-CV-236, 2023 WL 2788830, at *15 (S.D. Ohio Apr. 5, 2023) (Litkovitz, M.J.). The ALJ is not required to discuss every factor, only consider all the *relevant* evidence to support his conclusion. *Roach,* 2021 WL 4553128, at *10–11 (emphasis added). As related above, the ALJ thoroughly considered the objective medical evidence, Plaintiff's subjective complaints, medical opinions, his girlfriend's functioning report, and daily activities in his symptom-severity analysis. (Doc. #6-2, *PageID* #s 34-39). Plaintiff has failed to allege how his good work record undermines the substantial evidence supporting the explained factors of the ALJ's symptom severity analysis. *See Biederman v. Comm'r Soc. Sec.*, No. 1:20-CV-356, 2021 WL 5504550, at *13 (S.D. Ohio

Nov. 24, 2021) (Litkovitz, M.J.) ("Plaintiff, however, fails to explain how [his] alleged work record and earnings cast doubt on the ALJ's weighing of [his] subjective allegations of pain and limitations."). Therefore, Plaintiff has not met his burden to present a "compelling reason" to disturb the ALJ's consistency determination. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Accordingly, for the above reasons, Plaintiff's Statement of Errors is not well taken.

### IT IS THEREFORE RECOMMENDED THAT:

1. The ALJ's non-disability finding be **AFFIRMED**; and
2. The case be terminated on the Court's docket.

January 10, 2025                          *s/ Peter B. Silvain, Jr.*
                                                          Peter B. Silvain, Jr.
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).