UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shawn W.,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:23-cv-4087

Judge Michael H. Watson

Magistrate Judge Silvain, Jr.

## OPINION AND ORDER

Plaintiff filed a protective application for disability insurance benefits, which was denied initially and on reconsideration. ECF No. 6-5 at PAGEID # 191–92; ECF No. 6-3 at PAGEID # 80–97. Plaintiff received a hearing before an administrative law judge ("ALJ"), who found him not disabled. ECF No. 6-2 at PAGEID # 27–41. The Appeals Council declined Plaintiff's request for review, ECF No. 6-2 at PAGEID # 16–18, rendering the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

Plaintiff thereafter filed suit in federal court. ECF No. 1. The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 10. Plaintiff timely objected. ECF No. 11.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

## II. ANALYSIS

Plaintiff asserts three objections to the R&R.

First, Plaintiff states, "the R&R recommends that the ALJ properly considered [Plaintiff's] symptom severity complaints, but the ALJ failed to properly evaluate the evidence in relation to [Plaintiff's] pain and symptom severity, and instead dismissed these complaints as vaguely 'not consistent with or supported by' the evidence." ECF No. 11 at PAGEID # 1023–24. There is no additional development, either as to why the R&R's recommendation is wrong or how the ALJ failed to conduct a proper evaluation. Nor does the objection cite any record evidence besides the page of the ALJ's decision that Plaintiff alleges was improper. This objection therefore is nothing more than an assertion that the R&R reached the wrong conclusion.

The one-sentence objection neither articulates a specific error in the R&R's analysis of this previously raised contention nor adequately develops the contention itself. The Court declines to consider such a general and underdeveloped argument. *Cf. Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to

object." (citation omitted)); *Howard v. Sec. of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effect as would a failure to object.").

Second, Plaintiff objects that the ALJ's residual functional capacity ("RFC") conclusion that Plaintiff can frequently handle with his left upper extremity is not supported by sufficient evidence. This is so, he contends, because a limitation to "frequent" handling is the equivalent of no limitation and because it contradicts his diagnosis of carpal tunnel syndrome. Obj. 2, ECF No. 11.

This objection is overruled on the basis that the R&R concluded any error was harmless, ECF No. 10 at PAGEID # 101–02, and Plaintiff failed to object to that conclusion. Alternatively, both prongs of the objection lack merit. A limitation to "frequent" handling is not the equivalent of no limitation on handling for the simple reason that "from one-third to two-thirds of the time," SSR 83-10, is not the equivalent of "all the time." Moreover, a diagnosis does not necessarily equate to a limitation. *See, e.g., Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis . . . of course, says nothing about the severity of the condition." (citation omitted)); *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) ("But not every diagnosable impairment is necessarily disabling." (citation omitted)).

Third, Plaintiff objects that his "strong work history should weigh in favor of giving weight to his symptom allegations." ECF No. 11 at PAGEID # 1024. But again, the objection is not developed. For example, neither in the Statement of

Specific Errors nor the objection does Plaintiff contend that the ALJ failed to consider Plaintiff's work history or improperly weighed it against Plaintiff's credibility.

Moreover, the ALJ was required to consider Plaintiff's work history in determining his credibility, 20 C.F.R. § 404.1529(c)(3), but was not required to explicitly discuss the same, *Dutkiewicz v. Comm'r of Soc. Sec.*, 663 F. App'x 430, 433 (6th Cir. 2016). The mere fact that Plaintiff's work history was one consideration for the ALJ to consider, and supported Plaintiff's credibility, does not at all show why the ALJ's ultimate credibility determination lacked substantial support.[1]

## III. CONCLUSION

For the above reasons, Plaintiff's objections are **OVERRULED**. The Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors, and **AFFIRMS** the Commissioner's decision. The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**

---

[1] Despite his objection, nothing in the ALJ's decision indicates the ALJ found Plaintiff "not disabled because he worked consistently for many years," *see* Obj. 2, ECF No. 11, and Plaintiff notably fails to cite the ALJ's decision when characterizing it thusly.